## UNITED STATES DISTRICT COURT
## IN AND FOR THE WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

**BERNARD GRAHAM**

           **CIVIL ACTION NO. _____**

         **PLAINTIFF,**          **JUDGE_____**

**VERSUS**

**PINNERGY, LTD.  and**         **MAGISTRATE JUDGE_____**
**SCHRAMM, INC.**

               **<u>JURY DEMANDED</u>**

      **DEFENDANTS.**

### <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

NOW INTO COURT, through undersigned counsel, comes plaintiff, BERNARD GRAHAM, who respectfully states the following:

### THE PARTIES

1.    Plaintiff, BERNARD GRAHAM, a major individual who resides and is domiciled in the Parish of Lafayette, State of Louisiana.

2.    Defendant herein is PINNERGY, LTD. (hereinafter referred to as "Pinnergy"), a foreign corporation authorized to do and doing business in the State of Louisiana.

3.    Defendant herein is SCHRAMM, INC. (hereinafter referred to as "Schramm"), a foreign corporation authorized to do and doing business in the State of Louisiana.

4.    Defendants herein are jointly and severally liable unto Plaintiff for all such damages as are reasonable in the premises herein, together with legal interest thereon from date of judicial demand, until paid, and for all costs of these proceedings.

## JURISDICTION and VENUE

5.      Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.   The parties to this lawsuit are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6.      Venue is proper in this District as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. 28 U.S.C. 1391(b)(2).

## REQUEST FOR TRIAL BY JURY

7.      Plaintiff requests a trial by jury.

## FACTUAL ALLEGATIONS

8.      On or about September 3, 2019, Plaintiff was employed by Pipe Pros as a floor hand.

9.      At all pertinent times hereto, Plaintiff and two other Pipe Pros employees left Lafayette, Louisiana in a Pipe Pros company van and drove to Defendant Pinnergy's premises (hereinafter also referred to as the "Pinnergy rig"), which is located 1.5 miles west of Lake End, Red River Parish, Louisiana.

10.      Plaintiff and the other Pipe Pros employees were to do casing work on the Pinnergy rig.   And the work was a "day job", thus to be completed in a few hours.

11.      Upon information and belief, the Pinnergy rig was manufactured by Defendant Schramm.

12.      Pipe Pros furnished all the equipment and tools needed for the performance of its work.

13.      At all pertinent times hereto, the Pinnergy rig was in the care, custody and control

of Defendant Pinnergy.   In fact, one of Defendant Pinnergy's employees was operating the rig at the time of Plaintiff's injury.

14.     Defendant Pinnergy was thus responsible for the maintenance and repair of its rig.

15.     At all pertinent times hereto, Plaintiff was standing on a small, square-shaped rotary platform on the Pinnergy rig. This platform only provided only enough room for one person to stand.   And immediately adjacent to Plaintiff was a top drive roller, which subsequently mashed his right hand.

16.     Upon information and belief, the rotary platform is frequently occupied.

17.     On said date and during the course of his duties, Plaintiff squatted down to pull out a safety pin off the elevator in order to open up the latch in and release the pipe.

18.     Plaintiff suddenly lost his footing and extended his right hand out to regain his balance.   However, the exposed, unguarded top drive roller mashed his right hand.   As a result, Plaintiff underwent multiple surgeries and eventually had one of his fingers amputated.

19.     Immediately after the subject accident, Defendant Pinnergy placed a guard on the top drive roller to prevent reoccurrence.

20.     In order for Plaintiff to perform his job duties, there was no reasonable avoidance of the defective conditions/hazards created by Defendant Pinnergy's rig.

## DEFENDANT – PINNERGY

21.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 20, inclusive, as though fully set forth herein.

22.     As owner and custodian of the rig, Defendant Pinnergy was responsible for maintaining its premises in a safe manner.

23.     However, Defendant Pinnergy created a dangerous, unsafe environment and defective conditions on its rig by failing to have a guard on the top drive roller and/or any protective barrier surrounding the rotary platform.

24.     Defendant Pinnergy had actual and/or constructive knowledge of the above described defective conditions and hazards but failed to exercise reasonable care to remedy the defective conditions and hazards or reduce its potential to cause foreseeable injuries like the ones sustained by Plaintiff.

25.     Defendant Pinnergy is liable unto Plaintiff for its own negligence and any negligence of its employees pursuant to La. Civ. Code Articles 2315, 2316, and 2320.

26.     Pursuant to La. Civ. Code Article 2317, Defendant Pinnergy is strictly liable to Plaintiff because the rig was in its custody at all pertinent times hereto; the rig was defective – no guarding on the top drive roller and/or no protective barriers surrounding the rotary platform; and these defective conditions caused the injuries complained of herein.

27.     Defendant Pinnergy committed the following acts of fault, negligence and gross and wanton negligence which were the proximate cause of the hazard and resulting injuries in the following, non-exclusive particulars:

a.      Creating an unreasonable risk of harm and defective condition on its rig by failing to have any guarding on the top drive roller;

b.      Creating an unreasonable risk of harm and defective condition on its rig by failing to have any protective barriers on the rotary platform;

c.      Allowing the aforementioned unsafe, defective conditions to remain on the rig;

d.      Failing to warn Plaintiff of the hazards presented by the foregoing defective conditions;

e.     Failing to take proper precautions for the safety of Plaintiff;

f.     Failing to remedy the hazardous/defective conditions despite knowledge (actual or constructive) of the presence of same;

g.     Violating OSHA rules and regulations as well as other occupational regulations designed to protect Plaintiff; and

h.     All acts of negligence described in this complaint and any and all other acts which may be discovered or proven.

28.     Plaintiff further alleges that because Defendant Pinnergy had exclusive control, custody and care of the rig described herein or as otherwise may be shown, Defendant Pinnergy is therefore liable unto Plaintiff for all damages sustained under the doctrine *Res Ipsa Loquitor*.

## DEFENDANT – SCHRAMM

29.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 20, inclusive, as though fully set forth herein.

30.     At all pertinent times hereto, Defendant Schramm owed a duty to use appropriate care in designing, manufacturing, inspecting, testing, marketing and selling the subject rig, which duty Defendant Schramm breached in one or more of the following ways, any one of which was a departure from the accepted standard of care:

a.     In designing and manufacturing a defective and inadequate rig as it failed to include a protective guard on the top drive roller and/or any protective barrier surrounding the rotary platform;

b.     In negligently inspecting or testing the subject rig prior to marketing and sale;

c.     In negligently placing the subject rig in the market and selling the subject rig to the general public when the known defects could cause failure during reasonably anticipated use;

d.     In failing to adequately design and/or manufacture the subject rig to prevent it from failing during reasonably anticipated use;

e.   In failing to provide an adequate warning regarding the defective condition of the subject rig which was known or should have been known to Schramm;

f.   In failing to adequately inspect, test, market and sell the subject rig which was not designed or manufactured to reflect the known state of the art and available technology to prevent the subject rig from failing during reasonably anticipated use;

g.   In being otherwise negligent in the inspecting, testing, marketing and sale of the subject rig;

h.   Prior to the injuries complained of herein, Defendant Schramm knew, or in the exercise of reasonable care, should have known that the subject rig was in a defective condition or was defectively designed as previously alleged, and was in an unreasonably dangerous condition and constituted a dangerous product. The aforesaid dangerous and defective condition of the subject rig for a sufficient period of time for Defendant and Schramm to have discovered it and made the necessary corrections; and

i.   Prior to the injuries complained of herein, Schramm was aware of similar occurrences involving injury to persons from the same defective conditions as previously alleged herein, yet Defendant Schramm failed to take any of the steps as alleged in the aforementioned paragraphs to either correct these defective conditions or to warn its purchasers and any foreseeable users of the defects. Said conduct constitutes willful, wanton, intentional and gross recklessness on the part of Defendant Schramm.

31.   Defendant Schramm is the manufacturer who is liable to Plaintiff under the provisions of the Louisiana Products Liability Act (La. R.S. §9:2800.51, *et seq*).   Plaintiff shows that said Defendant is liable for his injuries and damages proximately caused by a characteristic of the subject rig that rendered the subject rig unreasonably dangerous and that such damage arose from Plaintiff's reasonably anticipated use of the rig.   The subject rig was unreasonably dangerous by the fault of Defendant Schramm, as set forth in the following non-exclusive particulars, to-wit:

a.   The subject rig was unreasonably dangerous in construction and/or composition as provided by La. R.S. §9:2800.55 and/or due to the fact that the subject rig would fail during its reasonably anticipated use, the subject rig was unreasonably dangerous because it failed to perform to the design

specifications and/or performance standards of the Defendant, as further set forth in La. R.S. §9:2800.55;

b.   The subject rig was unreasonably dangerous in design as provided in La. R.S. §9:2800.56 and, at the time the subject rig left the control of the Defendant, there existed an alternative design for the product that was capable of preventing Plaintiff's damages;

c.   The subject rig was unreasonably dangerous because the Defendant knew that the subject rig possessed characteristics that may cause the damages herein and yet failed to provide an adequate warning of such characteristics and its danger to users and handlers of the product like Plaintiff, as provided by LA. R.S. §9:2800.57;

d.   The subject rig was unreasonably dangerous because it did not conform to the express warranties of the Defendant, as set forth in La. R.S. §9:2800.58 which warranties induced the Plaintiff to use the defective subject rig, which the Defendant knew, or should have known, would fail during its reasonably anticipated use within the period of the warranty; and

e.   Plaintiff reserves the right to show such acts of negligence as may be determined during the course of discovery, and shown on the trial thereof.

32.   The damages suffered by Plaintiff was the direct and proximate result of the unreasonably dangerous defects in said subject rig, which was designed and/or manufactured and/or assembled and/or distributed and/or sold by Defendant Schramm.

33.   The aforementioned subject rig was in substantially the same condition at the time it was manufactured, designed, inspected, tested, marketed and/or sold by Defendant Schramm, as it was at the time of the injuries complained of herein.

**PLAINTIFF'S DAMAGES**

34.   Since the subject accident, Plaintiff has been receiving worker's compensation benefits for his injuries and has not been released to return to fit-for-duty status by his treating physician.

35.   Plaintiff's injuries will greatly his work activities and other activities in the future,

and will prevent him from returning to work as a floor hand.   The injuries have resulted and will continue to result in the significant loss of his wage earning capacity.   The injuries will also result in a loss of a career and a loss of other pursuits and ambitions.

36.   Plaintiff has been caused to endure physical pain, mental/psychological pain/trauma, suffering and disability.  He has also sustained mental anguish and a loss of his enjoyment of life.

37.   Plaintiff avers that Defendants Pinnergy and Schramm are liable for its negligent acts and/or omissions for the injuries sustained herein and asks for judgment against it in an amount for such damages as are reasonable in the premises, in the following particulars:

     a.    Past, present, and future pain and suffering and disability (mental and physical);

     b.    Loss of enjoyment of life;

     c.    Past, present and future medical expenses;

     d.    Past, present and future economic losses;

     e.    Loss of earning capacity and loss of household services;

     f.    Mental anguish;

     g.    Disability;

     h.    Inconvenience;

and together with the interest from date of judicial demand and for all costs of these proceedings.

38.   Plaintiff alleges upon information and belief that it will be necessary to present expert testimony during the preparation for and the trial on the merits of this case and as such, desire that all such expert witness fees be taxed as court costs and assessed against the said defendants.

WHEREFORE, plaintiff, BERNARD GRAHAM, prays that defendants, PINNERGY, LTD. and SCHRAMM, INC., be duly cited and served with this Complaint, that they be required to appear and answer same within the delays provided by law, and that after all due proceedings are had, there be judgment rendered herein in favor of Plaintiff and against Defendants, *in solido*, for all such damages as are reasonable in the premises, with legal interest thereon from date of judicial demand until paid, for all costs of these proceedings, and for all other general and equitable relief.

Respectfully submitted,

INZINA LAW FIRM, LLC

/s/ Blase Inzina_____
Blase Inzina, #28089
415 S. Pierce Street
Lafayette, Louisiana 70501
Phone:   (337) 347-7177
Facsimile:   (337) 504-7691
blase@blaseinzina.com
*Attorney for Plaintiff, Bernard Graham*

**Please Serve**:

**PINNERGY, LTD.**
through its agent for service of process:
CT Corporation System
8550 United Plaza
Baton Rouge, LA 70809

**SCHRAMM, INC.**
Through its agent for service of process:
Craig A. Mayman
800 E. Virginia Avenue
West Chester, PA 19380-4430