UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BERNARD GRAHAM                                         CIVIL ACTION NO. 20-cv-1147

VERSUS                                                 JUDGE ELIZABETH E. FOOTE

PINNERGY LTD ET AL                                     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Bernard Graham ("Plaintiff") filed this civil action after he was injured while performing work on a rig allegedly owned by Pinnergy, Ltd. ("Pinnergy") and manufactured by Schramm, Inc. ("Schramm"). Plaintiff filed the suit on the basis of diversity jurisdiction, which puts the burden on him to allege facts that show complete diversity of citizenship of the parties and an amount in controversy over $75,000. Before the court can assess whether subject matter jurisdiction exists, more information is needed regarding the citizenship of the two defendants.

The complaint alleges that Schramm is "foreign corporation[s] authorized to do and doing business in the State of Louisiana." A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir.

1982).  The Fifth Circuit requires strict adherence to these straightforward rules.  Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001).  Accordingly, Plaintiff will need to file an amended complaint that alleges Schramm's state of incorporation and principal place of business.

The complaint alleges that Pinnergy is a "foreign corporation," but the Louisiana Secretary of State's website indicates that it is a non-Louisiana partnership.  When a partnership is a party, the court must consider the citizenship of each partner, whether limited or general.  Carden v. Arkoma Associates, 110 S.Ct. 1015 (1990).  Neither the state of organization nor principal place of business is relevant.  The Carden rule applies to common law limited partnerships and a Louisiana partnership in commendam. Whalen v. Carter, 954 F.2d 1087, 1095 (5th Cir. 1994); Newport Limited v. Sears, Roebuck and Co., 941 F.2d 302 (5th Cir. 1991).  If partners are themselves partnerships, LLC's or other form of association, the citizenship must be traced through however many layers of members or partners there may be, and failure to do so can result in dismissal for want of jurisdiction. Mullins v. Testamerica, Inc., 2008 WL 4888576 (5th Cir. 2008) (court refused to consider the merits of an appeal until the record distinctly and affirmatively alleged the citizenship of a limited partnership).  Plaintiff will need to clarify in his amended complaint Pinnergy's type of entity (whether a corporation or partnership) and set forth its citizenship in accordance with the rules outlined above.

Because Plaintiff's counsel may not have access to that information at this stage of the proceedings, the court will not set a deadline for filing an amended complaint.  Once counsel for Plaintiff has had an opportunity to confer with counsel for Defendants, Plaintiff

will need to file an amended complaint that properly alleges the citizenship of the defendants. Alternatively, the defendants may include that information in their answer(s). A scheduling conference will not be held until a basis for jurisdiction is established.

It is especially important to determine quickly whether this court has jurisdiction in a case that a plaintiff files in federal court. That is because prescription is interrupted on a Louisiana claim by filing suit only if the court in which suit is filed is one of competent jurisdiction and venue. La. Civ. Code art. 3462. If this court must dismiss for lack of jurisdiction, prescription may not have been interrupted by the filing of the complaint. Tally v. Lovette, 332 So.2d 924 (La. App. 3rd Cir. 1976).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 9th day of September, 2020.

Mark L. Hornsby
U.S. Magistrate Judge